UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOISES AMRBOCIO PEREZ BATEN, (A#208-054-308),<br>Petitioner,<br>v.<br>WARDEN, CALIFORNIA CITY DETENTION CENTER,<br>Respondent. | No. 1:26-cv-08064-TLN-SCR<br><br>FINDINGS & RECOMMENDATIONS |

Petitioner is a federal immigration detainee who filed this habeas corpus action pursuant to 28 U.S.C. § 2241. This matter was referred to the undersigned by operation of Local Rule 302 and 28 U.S.C. § 636(b)(1).

**I. Factual and Procedural History**

Petitioner is a native and citizen of Guatemala who entered the United States in 2004, but was not admitted or paroled after inspection by immigration officials. ECF Nos. 1, 8. He was placed in removal proceedings on an unknown date for being present without being admitted or paroled in violation of Section 212(a)(6)(A)(i) of the Immigration and Nationality Act. ECF No. 8 at 7 (I-213 Form). An immigration judge ("IJ") denied his asylum and withholding of removal claims and ordered him removed to Guatemala on February 23, 2023. ECF No. 8 at 10-11. Petitioner appealed that decision to the Board of Immigration Appeals ("BIA") where it has been

pending for more than three years. ECF No. 8 at 13-15. He has no criminal history. ECF No. 1 at 8.

Based on an administrative arrest warrant, Immigration and Customs Enforcement ("ICE") arrested Petitioner on August 31, 2026 on his way to work in Florida. ECF No. 1 at 8; ECF No. 8 at 7. He was served with a Notice of Custody Determination on the same day in which he requested a custody redetermination hearing before an immigration judge. ECF No. 8 at 19. The record does not contain any evidence that Petitioner has been provided any such detention hearing during the almost two months he has been in immigration detention.

Petitioner is currently detained at the California City Immigration Detention Center located in this judicial district.

By way of an answer, Respondent concedes that Petitioner is subject to discretionary detention pursuant to 8 U.S.C. § 1226(a). ECF No. 8.

**II. Analysis**

The Court infers from the undisputed facts in the record that Petitioner was at liberty in the community when ICE arrested him on August 31, 2026, and that ICE has previously released him premised upon either an explicit or implicit finding that he was not dangerous or a flight risk. Consistent with the Court's reasoning and rulings in substantively identical cases, the undersigned finds that under the Mathews factors, Petitioner's re-arrest without pre-deprivation notice and hearing violated his Fifth Amendment right to procedural due process. See Kaur v. United States Dep't of Homeland Sec., 813 F. Supp. 3d 1167, 1176–77 (E.D. Cal. 2025) (re-detention of noncitizen previously released on order of recognizance under § 1226(a) violated due process where respondent did not provide a pre-deprivation hearing before a neutral decisionmaker); Juan Carlos V.B. v. Chestnut, No. 1:26-CV-03077-TLN-SCR, 2026 WL 1224238, at *3 (E.D. Cal. May 5, 2026) (finding that "[n]otice and custody determination hearings . . . are the general processes required to terminate humanitarian parole"); Charan S. v. Warden of the California City Det. Facility, No. 1:26-CV-03017-TLN-JDP, 2026 WL 1144158, at *5 (E.D. Cal. Apr. 28, 2026) (analyzing Mathews factors and finding re-detention of asylum seeker without pre-deprivation notice or hearing violated due process).

In tailoring the remedy for this due process violation, the undersigned observes that the Supreme Court "usually has held that the Constitution requires some kind of a hearing before the State deprives a person of liberty or property." Zinermon v. Burch, 494 U.S. 113, 127 (1990) (emphasis in original). The Supreme Court describes post-deprivation remedies as the "special case" where those are "the only remedies the State could be expected to provide." Id. at 129. More specifically, the assigned District Judge has identified post-deprivation remedies as a "special case" and appropriate only with the presence of particular circumstances (e.g., final order of removal, criminal history, or individualized changed circumstances to justify re-detention). Charan S., 2026 WL 1144158, at *7 (citing Zinermon, 494 U.S. at 129). Because Respondent does not make any argument as to why a pre-deprivation hearing was not feasible in this case, the undersigned finds that Petitioner is entitled to habeas relief in the form of his immediate release.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's application for a writ of habeas corpus (ECF No. 1) be granted on claim one.[1]

2. Respondent be ordered to immediately release Petitioner Moises Ambrocio Perez Baten (A#208-054-308) from their custody.

3. At the time of release, Respondent be required to return all of Petitioner's documents and possessions.

4. The Clerk is directed to serve the California City Immigration Detention Center with any order for release.

5. If the government seeks to re-detain Petitioner, it must provide no less than seven (7) days of notice to Petitioner and provide Petitioner with a bond hearing before an immigration judge at which the government must prove by clear and convincing evidence that petitioner is a flight risk or danger to the community such that his re-detention is warranted.

6. Any final order entered in this case not address the circumstances in which Respondent may detain Petitioner in the event Petitioner becomes subject to an executable final order of

---

[1] In the interests of judicial economy and based on the recommended relief, the remaining claims are not addressed herein.

removal and Petitioner receives notice of that final order of removal.

7. The Clerk of Court be directed to enter judgment for Petitioner and to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **three days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs. See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 26, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE